CAUSE NO. 296-02795-2012

| | | |
|---|---|---|
| BOND STREET LTD, LLC Plaintiff, | § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | COLLIN COUNTY, TEXAS |
| MICHAEL LIESS, RANDALL WADE SHUMWAY, and CICERO RESEARCH, LLC Defendants. | § § § § § | 296 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

COMES NOW Bond Street, Ltd, LLC ("Plaintiff"), hereafter referred to as BSL, brings this case against Michael Liess, Randy Shumway, and Cicero Research, LLC hereafter referred to as Cicero ("Defendants"), and for cause of action would respectfully show the Court as follows:

### I.

### DISCOVERY

1. Pursuant to Rule 190.3, Plaintiff hereby alleges that discovery will be conducted pursuant to Level 2.

### II.

### PARTIES AND SERVICE OF PROCESS

2. Plaintiff Bond Street Ltd, LCC is located in Collin County, Texas.

3. Defendant Michael Liess is an individual who may be served with process at his residence located at 105 Strauss Lane, Atlanta, Georgia 30350.

FILED
2012 JUL 30 PM 1:38
ANDREA STROH THOMPSON
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY _____ DEPUTY

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE TO DEFENDANTS
10

4. Defendant Randall Wade Shumway is an individual who may be served with process at his place of employment at 515 East 100 South, Suite 300, Salt Lake City, Utah 84102.

5. Defendant Cicero Research, LLC is a Utah limited liability company that may be served with process by serving its registered agent Randall W. Shumway located at 667 Wildflower Cir, North Salt Lake, Utah 84054.

## III.

## JURISDICTION AND VENUE

6. Pursuant to Section 24.007 of the Texas Government Code, this Court has jurisdiction over the subject matter of this cause. The amount in controversy exceeds the minimum jurisdictional limits and is within the maximum jurisdictional limits of this Court.

7. Pursuant to Texas Civil Procedure and Remedies Code Section 15.002(a)(1), venue is proper in that all or a substantial part of the events or omissions giving rise to the claim occurred in Collin County, Texas. Pursuant to Texas Civil Procedure and Remedies Code Section 15.002(a)(4), venue is also proper because Plaintiff is located in Collin County, Texas.

## IV.

## FACTUAL BACKGROUND

8. Defendant Cicero Research, LLC ("Cicero") is a market research, economic financial analysis, and strategy consulting firm.

9. Defendant Randy Shumway ("Shumway") is Cicero's President.

10. Defendant Michael Liess ("Liess") is the former CEO of Bond Street Ltd, LLC ("BSL").

11. Sometime prior to November 1, 2007, representatives of Cicero and BSL discussed the possibility of Cicero performing services for BSL.

12. Sometime after November 1, 2007, Cicero began sending invoices to BSL.

13. BSL made payments to Cicero in an amount not less than $200,000.00.

14. Shumway and Liess knew that BSL's corporate management was dissatisfied with the work, if any, being done by Cicero's personnel, the rates charged for work done by Cicero's personnel, including but not limited to Brent Peterson, and the number of hours being billed for work done by Cicero's personnel.

15. On or about August 1, 2008, BSL sent correspondence to Cicero requesting Cicero to cease performing services for BSL.

16. BSL confirmed that Cicero received the August 1, 2008 correspondence.

17. Despite Cicero's awareness that BSL had terminated their services, Cicero began to identify and implement schemes in order to continue performing services and sending invoices to BSL in an effort to hide or otherwise conceal Cicero's and Peterson's involvement from BSL's owners and managers.

18. Defendant Cicero removed Peterson's name from invoices sent to BSL for payment. Cicero even billed Peterson's time (though did not disclose his name) on invoices through a separate LLC known as Education Direction, LLC which, although wholly owned by Cicero, appeared not to be a related company.

19. Defendant Shumway also sent BSL invoices on which the work performed by Peterson was being billed under the names of other employees. These phantom bills amounted to more than $20,000 and they were intended to get around the fact that BSL's corporate management was dissatisfied with the work being done, the rates charged, the number of hours charged, and especially having Peterson work on its project.

20. The schemes identified and implemented by Cicero and/or its officers or directors include:

   a. Proposing to utilize an entity with which BSL did not have a relationship, namely Education Direction, LLC, to send invoices to BSL;

   b. Implement an unapproved rate increase for employee Brett Peterson to increase the invoice amounts;

   c. Modify the procedures for sending invoices by not identifying the individuals performing work for BSL on invoices;

   d. Continuing to send invoices for work allegedly performed by employees Nicki Howell and Matt Smith after having moved Nicki Howell and Matt Smith to BSL's payroll;

   e. Despite having been informed that BSL was only willing to compensate Cicero employee Brett Peterson at a maximum rate of $8,000.00 per month in April 2008, Cicero continued to send invoices for work allegedly performed by Brett Peterson in monthly amounts greater than $16,000.00 per month until July 2008; and

   f. Following receipt of a letter from BSL dated August 1, 2008 requesting Cicero to cease performing work for BSL, Cicero and/or its officers and directors continued sending invoices to BSL through Education Direction, LLC.

21. Defendant Liess hid from BSL numerous consultants he paid money to who usurped BSL resources against company directives. In particular, all payments made to Progrexion Research/Cicero Research, FiscalDoctor/Gary Patterson, Sarah Boden, LRC Marketing, Education Direct and other consultants were done surreptitiously. At least $556,263.54

was transferred out of the account of BSL's subsidiary BSL–Applied Laser Technologies LLC ("BSL-ALT"), either directly to these vendors or to a hidden US Bank bank account, in order to make payments to these unapproved vendors. In addition, Defendant Liess continued to disburse funds to vendors and consultants that had not been approved by BSL.

22. Defendant Liess ignored the specific directive to discontinue using an outside service provider, Defendant Cicero Research, LLC. A letter was sent from BSL headquarters to Cicero Research, LLC stating that all further relationships were to cease. This letter was sent to Liess and others so they would be aware of the Cicero Research, LLC cancellation. However, Liess continued to direct payments to Cicero Research, LLC. In December, 2008 payments were made to Education Direct, another company owned by the same people as Cicero Research, LLC. Furthermore, Defendant Liess hid from Board members and employees of the investor group the existence of numerous contract workers, who usurped BSL resources against company directives. In particular, payments to employees of Cicero Research, LLC, or other contractors, including, but not limited to, Brent Peterson, Matt Smith, Nikki Howell and Lawrence Cowan, were done surreptitiously. Defendant Liess told BSL employees to hide the existence of these employees from members of staff at BSL's Texas headquarters.

V.

COUNT 1 – BREACH OF FIDUCIARY DUTY

23. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 23, inclusive.

24. Defendant Michael Liess owed Plaintiff a Fiduciary Duty

25. Defendant Michael Liess breached his Fiduciary Duty to BSL by participating with other Defendants to hide information, submit false invoices and direct that Plaintiff pay such false invoices.

26. Defendant Michael Liess instructed an other BSL employee to set up a secret bank account, that BSL management was not aware of, in order to pay false invoices.

## VI.

## COUNT 2 – COMMON LAW FRAUD

27. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 27, inclusive.

28. Defendants made material representations to Plaintiff that were false and that, when Defendants made the representations, Defendants knew they were false or made the representations recklessly, as a positive assertion, and without knowledge of their truth. Defendants made the representations with the intent that Plaintiff rely on them. Plaintiff relied on the misrepresentations, which caused or proximately caused actual damages to Plaintiff. Plaintiff seeks these damages, in addition to his court costs and reasonable and necessary attorney's fees.

## VII.

## COUNT 3 – FRAUDULENT INDUCEMENT

29. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 29, inclusive.

30. Defendants made material representations to Plaintiff that were false and that, when Defendants made the representations, Defendants knew they were false or made the representations recklessly, as a positive assertion, and without knowledge of their truth. Defendants made the representations with the intent that Plaintiff rely on them. Plaintiff relied on

the misrepresentations, which caused or proximately caused actual damages to Plaintiff, including damages for mental anguish. Plaintiff seeks these damages, in addition to his court costs and reasonable and necessary attorney's fees.

## VIII.

## COUNT 4 – NEGLIGENT MISREPRESENTATION

31. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 31, inclusive.

32. Defendants made representations to Plaintiff in the course of Defendants' businesses or in a transaction in which Defendants had an interest; Defendants supplied false information for the guidance of others; Defendants did not exercise reasonable care or competence in obtaining or communicating the information; Plaintiff justifiably relied on the representations; and Defendants' negligent misrepresentations were a proximate cause of pecuniary damages to Plaintiff in an amount within the jurisdictional limits of this Court. In addition to their pecuniary damages, Plaintiff also seeks exemplary damages and his court costs.

## IX.

## COUNT 5 – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

33. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 33, inclusive.

34. By virtue of the special relationship between Defendants and Plaintiff, Defendants owed Plaintiff a duty to deal with him fairly and in good faith. However, Defendants' breached that duty by lying to Plaintiff and taking affirmative action to defraud Plaintiff for monetary gain.

35. Defendants' breach of their duty of good faith and fair dealing was a proximate cause of damages to Plaintiff within the jurisdictional limits of this Court. Plaintiff seeks these damages, in addition to his court costs and reasonable and necessary attorney's fees.

## X.

## COUNT 6 – AGENCY AND VICARIOUS LIABILITY

36. At all times relevant to this suit: (1) Defendant Shumway was acting within the course and scope of his employment or within the scope of his agency with Defendant Cicero Research, LLC. Defendants are vicariously liable for the wrongful actions of their respective employees and/or agents.

## XI.

## CONDITIONS PRECEDENT

37. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 37, inclusive.

38. Plaintiff would show that all conditions precedent to the filing of this suit have been performed, have occurred, or were impossible in light of the approaching Statute of Limitations.

## XII.

## DAMAGES

39. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 39, inclusive.

40. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which they sue. Including damages in excess of $5,000,000.00.

Plaintiff is entitled to attorney's fees and costs pursuant to Texas law

## XIII.

## EXEMPLARY DAMAGES

41. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 41, inclusive.

42. Plaintiff's damages resulted from Defendants' malice or actual fraud, which entitles Plaintiff and other members to exemplary damages under Section 41.003(a) of the Texas Civil Practice & Remedies Code.

## XIV.

## ATTORNEY FEES

43. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 43, inclusive.

44. Plaintiff seeks recovery of their attorneys' fees under Texas Law.. Plaintiff further states that it was necessary to employ the services of an attorney to preserve and protect his rights, and that he did employ Law Offices of Scott R. Doody,.., of Irving, Texas, to represent them in the prosecution of their claims against Defendants agreeing to pay said firm of attorneys a reasonable fee for their services in such behalf and that such reasonable attorneys' fees should be awarded and judgment rendered in favor of the undersigned attorneys and against Defendants.

## XV.

## DEMAND FOR JURY

45. Plaintiff demands a jury trial.

## XVI.

## REQUEST FOR DISCLOSURE

46.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose the materials and information described in Rule 194.2 no later than fifty (50) days after service of this request.

## XVII.

## PRAYER

47.  For these reasons, Plaintiff asks that Defendants be cited to appear and answer and that Plaintiff have judgment against Defendants for the following:

   a. Judgment against Defendants for actual damages for a sum within the jurisdictional limits of the Court, with prejudgment interest as provided by law;

   b. Prejudgment and Post-judgment interest at 18% or the highest legal rate until paid;

   c. Exemplary damages;

   d. Attorney fees;

   e. Costs of suit; and

   f. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*Scott R. Doody*
Scott R. Doody
State Bar No. 24034295

LAW OFFICES OF SCOTT R. DOODY
5215 N. O'Connor Blvd., Suite 200
Irving, Texas 75039
(214) 295-6549
(888) 743-4208 fax

ATTORNEYS FOR PLAINTIFF