# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BOND STREET LTD, LLC | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-755 |
| | § | (Judge Clark/Judge Mazzant) |
| MICHAEL LIESS, RANDALL WADE | § | |
| SHUMWAY and CICERO RESEARCH, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Michael Liess's 12(b)(6) Motion to Dismiss, First Amended Answer, and Affirmative Defenses (Dkt. #32). After reviewing the motion, the responses, and the relevant pleadings, the Court finds Defendant's motion is denied as moot.

## BACKGROUND

Plaintiff filed its original petition in the 296th District Court of Collin County, Texas, on July 30, 2012 (Dkt. #2). In its petition, Plaintiff asserts that Defendant Cicero Research, LLC ("Cicero") is a market research, economic financial analysis, and strategy consulting firm, and that Defendant Randall Shumway ("Shumway") is Cicero's President and Defendant Michael Liess ("Liess") is the former CEO of Plaintiff. At some point, Cicero began performing services for Plaintiff. Plaintiff contends that it made payments to Cicero in an amount not less than $200,000. On or about August 1, 2008, Plaintiff sent correspondence to Cicero requesting Cicero cease performing services for Plaintiff. Plaintiff asserts that despite Cicero's awareness that Plaintiff had terminated their services, Cicero continued to perform services and sending invoices to Plaintiff in an effort to hide or conceal Cicero's and a Cicero employee Brent Peterson's, involvement from Plaintiff's owners and managers. Defendant Cicero removed Peterson's name from invoices, and billed his time through a different entity. Defendant Shumway also sent invoices to Plaintiff on which work done by Peterson was billed under the

1

names of other employees. Plaintiff contends that Liess hid from Plaintiff numerous consultants he paid money to who usurped Plaintiff's resources against company directives. In particular, Plaintiff asserts that all payments made to Progrexion Research/Cicero Research, FiscalDoctor/Gary Patterson, Sarah Boden, LRC Marketing, Education Direct and other consultants were done surreptitiously. Plaintiff asserts that at least $556,263.54 was transferred out of the account of Plaintiff's subsidiary BSL-Applied Laser Technologies LLC, either directly to these vendors or to a hidden US Bank bank account. In addition, Plaintiff contends that Liess ignored the directive to discontinue using Cicero for services. However, Liess continued to direct payments to Cicero.

Plaintiff asserts causes of action against Liess for breach of fiduciary duty, fraud, fraudulent inducement, negligent misrepresentation, and breach of the duty of good faith and fair dealing.

This case was removed to this Court on December 5, 2012 (Dkt. #1). Plaintiff did not file an amended complaint in this Court, and, thus, has elected to stand on its state court petition, which is the active pleading in this Court (Dkt. #2). In addition, Defendant Liess filed an answer in state court on December 5, 2012 (Dkt. #4). Defendants Cicero and Shumway were dismissed from this litigation without prejudice on February 8, 2014 (Dkt. #43).

On November 7, 2013, Liess filed his Rule 12(b)(6) motion to dimiss, first amended answer, and affirmative defenses (Dkt. #32). On December 16, 2013, Plaintiff filed its response (Dkt. #40).

**LEGAL STANDARD**

Liess moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion

to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the pleadings." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

**ANALYSIS**

Liess moves to dismiss the claims of Plaintiff under Rule 12(b)(6) because "Plaintiff's pleadings do not state a claim upon which relief can be granted" (Dkt. #32 at 1). Liess contends that Plaintiff's pleadings do not contain detailed factual allegations, do no assert each element of

the causes of action alleged by Plaintiff, and do no more than recite some elements of the causes of action without relating the facts to the elements. Liess also argues that Plaintiff's complaint does not satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which apply when pleading a cause of action for fraud.

Plaintiff argues that Liess waived his Rule 12(b) defenses in December of 2012, when Liess filed an answer in state court. In the alternative, Plaintiff contends that it should be given leave to amend under Rule 15(a).

Pursuant to Rule 12(b), a motion asserting any defenses under Rule 12(b) "must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b); *Rushaid v. National Oilwell Varco, Inc.*, No. H-11-3390, 2012 WL 1981990, at *2 (S.D. Tex. June 1, 2012). In this case, Liess answered in state court and there has been no amended complaint filed. However, Rule 12(h)(2), which deals with waiver, provides that "[f]ailure to state a claim upon which relief can be granted… may be raised: (B) by a motion under Rule 12(c); or (C) at trial."

In *Rushaid*, the district court noted that "[a] number of courts have held that, when a party brings the defense of failure to state a claim by motion after an answer, the motion becomes one under Rule 12(c) rather than one under Rule 12(b)(6)." 2012 WL 1981990, at *3 (collecting cases); *see, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 182 (7th Cir. 1986); *Jenkins v. Allied Interstate, Inc.,* No. 5:08-cv-125-DCK, 2009 WL 3157399, at *2 (W.D.N.C. Sept. 25, 2009). Similarly, the Fifth Circuit has held that a district court may treat an untimely Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings based on failure to state a claim. *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Du Bois v. Warne*, 336 F. App'x 407, 409 (5th Cir. 2009); *Phillips v. Houston I.S.D.*, No. H-13-02935, 2013 WL 6079280,

at *1 n.2 (S.D. Tex. Nov. 19, 2013). Thus, although the motion to dismiss was filed untimely, the Court will construe it as a motion for judgment on the pleadings under Rule 12(c). Regardless of how the motion is characterized, this distinction does not affect the court's legal analysis because the standards for motions under Rule 12(b)(6) and 12(c) are identical. *Jones*, 188 F.3d at 324; *Phillips*, 2013 WL 6079280, at *1 n.2.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hughes*, 278 F.3d at 420). The standard applied under Rule 12(c) is the same as that applied under Rule 12(b)(6). *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

Liess's motion to dismiss claims only generally that Plaintiff's complaint does not contain enough factual information to survive a motion to dismiss. Liess does not point out any specific deficiency or point out what elements, if any, of Plaintiff's causes of action were not pled in Plaintiff's complaint.

To state a claim for fraud, a plaintiff must show: (1) a material misrepresentation or omission; (2) that is false; (3) made with knowledge of its falsity or recklessness as to its truth; (4) made with the intention that it should be acted upon by another party; (5) relied upon by the

other party, and (6) causing injury.  *Jag Media *213 Holdings Inc. v. A.G. Edwards & Sons Inc.*, 387 F. Supp. 2d 691, 709 (S.D. Tex. 2004); *Ernst & Young, L.L.P v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).  Under Rule 9(b), allegations of fraud are subject to a heightened pleading standard that requires a plaintiff to "state with particularity the circumstances constituting fraud."  FED. R. CIV. P. 9(b); *Whiddon v. Chase Home Finance, LLC*, 666 F. Supp. 2d 681, 690 (E.D. Tex 2009).  To state a claim for fraud, the plaintiff must plead the "who, what, when, where, and how."  *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 179 (5th Cir. 1997).  "A promise to perform a future act by one with no intention of performing may constitute an actionable misrepresentation where the one alleging fraud presents evidence that the representations were made with an intent to deceive and with no intent to perform."  *GMAC Commerical Mortg. Corp. v. East Texas Holdings, Inc.*, 441 F. Supp. 2d 801, 805 (E.D. Tex. 2006) (citing *Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998); *Flourine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 858 (5th Cir. 2004)).

Leiss contends that Plaintiff has not satisfied the requirement of Rule 9(b) to plead with particularity the circumstances constituting fraud or mistake.  The Court agrees that Plaintiff has not pleaded sufficient facts to support a claim for fraud.  Plaintiff pleaded that Leiss hid from Plaintiff numerous consultants he paid money to who usurped Plaintiff's resources against company directives, and ignored the directives to discontinue Cicero's consulting services.  In addition, Plaintiff pleaded that Liess hid from board members and employees of the investor group the existence of numerous contract workers who also usurped funds from Plaintiff.  Based on the limited factual allegations in the pleading, the Court is unable to determine what material misrepresentations Plaintiff is alleging Liess made and whether they were false.  While the Court can infer from the pleadings that Plaintiff alleges Liess (who), made some type of

misrepresentation (what), the Court cannot discern what the misrepresentation allegedly was, where the misrepresentation was made, when and to whom, and how the misrepresentation is allegedly fraudulent. "This Court interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (citing *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002)). "In applying Rule 9(b), the Fifth Circuit has noted that the particularity standard of Rule 9(b) must be interpreted in conjunction with Rule 8's requirement that the pleading contain a short and plain statement of the claims." *Jag Media Holdings*, 387 F. Supp. 2d at 703 (citations omitted). "Although Rule 9(b) calls for fraud to be pleaded with particularity, the allegations must still be as short, plain, simple, direct, and concise as is reasonable under the circumstances. Rule 9(b) should not be read so as to obliterate this basic pleading philosophy." *Id*. (citations and quotations omitted).

The Court finds that Plaintiff has failed to plead its claim for fraud with sufficient particularity to survive the requirements of Rule 9(b). The same deficiencies apply to Plaintiff's claim for fraudulent inducement and negligent misrepresentation.[1][2] Plaintiff requests leave under Rule 15(a) to amend its complaint if the Court determines that more specificity is needed. Rule 15(a) directs that the Court should freely give leave when justice so requires. FED. R. CIV.

---

[1] "The elements for fraudulent inducement are the same as those for fraud, namely (1) a material misrepresentation; (2) that is false; (3) made with knowledge of its falsity or recklessness as to its truth; (4) made with the intention that it should be acted upon by another party; (5) relied upon by the other party; and (6) causing injury." *Jag Media Holdings*, 387 F. Supp. 2d at 709 (citing *DeSantis v. Wackenhut,* 793 S.W.2d 670, 688 (Tex.1990)).
"Negligent misrepresentation consists of (1) a representation made by a defendant in the course of the defendant's business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *GMAC Commercial Mortgage Corp.,* 441 F. Supp. 2d at 808 (citation omitted).

[2] The Court will not consider at this time if Plaintiff pleaded sufficient facts to set forth a claim for breach of fiduciary duty and breach of the duty of good faith and fair dealing.

P. 15(a)(2). The Court agrees, and recommends that Plaintiff's request for leave to amend be granted, and Defendant's motion to dismiss be denied as moot. *See Jag Media Holdings*, 387 F. Supp. 2d at 704 (citing *Summer v. Land & Leisure, Inc*., 664 F.2d 965, 971 (5th Cir. 1981) (finding that "[w]hen a party has failed to plead with sufficient particularity, the Court will almost always permit leave to amend to bring the complaint into compliance with the requirements of Rule 9(b).")). However, the dispositive motion deadline has already expired, and this case is currently set for trial in September of 2014. Therefore, Plaintiff may amend its complaint to add only additional facts sufficient to establish the claims already asserted in its complaint. Plaintiff may not plead additional claims in its amended complaint.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant Michael Liess's 12(b)(6) Motion to Dismiss, First Amended Answer, and Affirmative Defenses (Dkt. #32) is **DENIED** as moot.

The Court also finds that Plaintiff's request for leave to amend is granted, and Plaintiff is permitted to amend its complaint to include additional facts sufficient to support its claims. Plaintiff is not permitted to add any new claims to its amended complaint. Plaintiff should file its amended complaint within fourteen (14) days of the date of this order.

**IT IS SO ORDERED.**
**SIGNED this 31st day of March, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE