**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BOND STREET LTD, LLC, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 4:12-CV-755 |
| MICHAEL LIESS, | § § § | |
| *Defendant.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On August 11, 2014, the United States Magistrate Judge issued its report and recommendation [Doc. #55], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Plaintiff's Motion for Reconsideration of Magistrate's Report and Recommendation [Doc. #46] be granted, and Defendant Michael Liess's Motion for Summary Judgment [Doc. #33] be denied.

In its original report and recommendation on Liess's motion for summary judgment, the Magistrate Judge found that Liess's motion should be granted because the statute of limitations barred Plaintiff's claims [Doc. #45]. The resolution of this issue revolved around Plaintiff's alleged failure to disclose Kelly Kittrell ("Kittrell") as a witness in its disclosures, and the fact that there was no other evidence indicating that the statute of limitations had not expired for Plaintiff's claims. However, upon reconsideration, the Magistrate Judge recommended granting the motion for reconsideration and denying Defendant's motion for summary judgment [Doc. #55]. The Magistrate Judge concluded that based on the evidence before it, Plaintiff's initial

disclosures were served on Liess; however, the Magistrate Judge also concluded that even if Plaintiff's initial disclosures were not served on Liess, the failure to do so was substantially justified or harmless because Liess, and the other defendants formerly involved in this litigation, disclosed Kittrell as a person with relevant knowledge.

On August 25, 2014, Liess filed his objections to the report and recommendation of the Magistrate Judge [Doc. #63]. Liess objects to the Magistrate Judge's findings, and asserts that: (1) initial disclosures were not served by Plaintiff; and (2) Liess has been harmed by Plaintiff's failure to disclose [Doc. #63]. Liess argues that Plaintiff cannot provide a green card that demonstrates that service was successful or that Liess rejected service, that Defendants Shumway and Cicero Research, LLC were not served with Plaintiff's initial disclosures either, that Liess is harmed because he does not know to what Kittrell will testify, and that Plaintiff did not file a notice on the court's electronic docket that initial disclosures were served. On September 9, 2014, Plaintiff filed its response [Doc. #93].

Federal Rule of Civil Procedure 26 requires that all parties disclose, among other things, "the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Plaintiff contends that the disclosures were served on Liess by mailing them to his home address. Liess, who was representing himself *pro se* at the time, denies that Plaintiff's Initial Disclosures were ever delivered [Doc. #63, incorporated into Doc. #64, Ex. A]. Liess further denies that he ever rejected any certified mail from Plaintiff or any other party while representing himself *pro se*. Counsel for former Defendants Shumway and Cicero Research, LLC[1] agree that Plaintiff's initial disclosures were not served on them either. Although Plaintiff cannot locate a certified mail receipt, this is irrelevant.

---
[1] These Defendants were dismissed from the litigation on February 8, 2014.

A party can serve documents by mail, and service by mail is complete upon mailing. FED. R. CIV. P. 5(b)(2)(C). Thus, it is irrelevant whether Liess actually received the initial disclosures or not. Based on the evidence before it, the court finds that Plaintiff complied with the Federal Rules of Civil Procedure, and appropriately served its initial disclosures.

Turning now to the issue of whether any purported failure by Plaiintiff to serve initial disclosures was harmless, the court notes that Kittrell was first disclosed as a person with knowledge by former Defendants Shumway and Cicero Research, LLC on February 25, 2013 [Doc. #46-1 at ¶ 4]. Thus, as early as February 25, 2013, all parties were on notice that Kittrell was a person with knowledge. On April 22, 2013, attorney Stephen Colbert appeared as counsel for Liess, and served disclosures for Liess that same day [Doc. #26]. These disclosures listed Kittrell as a person with knowledge of relevant facts.[2]

The court finds that since at least April 22, 2013, Liess has been on notice that Kittrell was a person with knowledge of relevant facts. Trial is set for November 2014, so Liess was aware of Kittrell as a witness, and failed to conduct discovery, failed to move for dismissal or summary judgment on the merits of the case. Liess must now go to trial on the pending claims.

---

[2] The court also notes that the clerk of the court mailed a copy of a court order to Liess's home address on March 25, 2013, and that order was returned to the clerk as undeliverable on May 1, 2013 (*See* docket notation appearing between #22 and #23; Doc. #29).

Finally, Liess also argues that Plaintiff failed to file an electronic notice of disclosure with the court that its initial disclosures were completed as required by this court's local rules. *See* Eastern District of Texas Local Rule ("L.R.") CV-26(c). While it appears that Plaintiff did not file the required notice, the court declines to dismiss Plaintiff's claims, which is an extremely harsh remedy, for the failure to comply with a local rule requiring notice that initial disclosures were made, especially in light of the fact that there is no harm to Liess resulting from the failure to disclose.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes Liess's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #55] is adopted. Plaintiff's Motion for Reconsideration of Magistrate's Report and Recommendation [Doc. #46] is **GRANTED**, and Defendant Michael Liess's Motion for Summary Judgment [Doc. #33] is **DENIED**.

So **ORDERED** and **SIGNED** this **11** day of **September, 2014.**

_____
Ron Clark, United States District Judge